UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Robert and Annette Klade,<br><br>      Plaintiffs,<br><br>vs.<br><br>Altru Health System, d/b/a Altru Hospital, Scott Charette, M.D., and Robert Scott Childs, M.D.<br><br>      Defendants. | Civil No: _____ |

**Complaint**
**Jury Trial Demanded**

Plaintiffs, for their Complaint and cause of action against the above-named Defendants, state and allege as follows:

**Introduction and Parties**

1. This is a medical malpractice case involving multiple care providers' failures to appropriately care for and treat Robert Klade after an elective surgery. As a result of such failures, Mr. Klade is completely blind and almost completely deaf.

2. Robert and Annette Klade are a married couple who reside in Thief River Falls, Minnesota.

3.      Altru Health System is a corporation that owns and operates various clinics and hospitals throughout Minnesota and North Dakota, including Altru Hospital in Grand Forks. Altru Health System has its principal place of business in Grand Forks, North Dakota. Altru Health System and Altru Hospital will hereinafter be referred to as "Altru."

4.      At all times relevant to this case, Altru held itself out to the public as a facility that "provides an array of services to meet the needs of patients of all ages and levels of health." Altru accomplishes this "[t]hrough health education, preventative services, early intervention, and appropriate care."

5.      At all times relevant to this case, Altru employed physicians, nurses, certified registered nurse anesthetists (CRNAs) and other staff and held them out to the public as competent and adequately trained to provide a generally accepted level of care.

6.      Altru is vicariously liable for the actions and inactions of its employees, agents, partners, principals, and shareholders.

7.      Scott Charette, M.D. is a physician licensed to practice medicine in the state of North Dakota. At all times relevant to this case, he was an employee, agent, partner, principal, or shareholder of Altru. Dr. Charette held himself out and warranted himself to the public as competent, careful, and experienced in the practice of general and vascular surgery.

8.      Altru is vicariously liable for any negligent health care that Dr. Charette provided to Robert Klade in December of 2012.

9.      Robert Scott Childs, M.D. is a physician licensed to practice medicine in the state of North Dakota. At all times relevant to this case, he was an employee,

2

agent, partner, principal, or shareholder of Altru. Dr. Scott held himself out and warranted himself to the public as competent, careful, and experienced in the practice of anesthesiology.

10.   Altru is vicariously liable for any negligent health care that Dr. Childs provided to Robert Klade in December of 2012.

11.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

12.   Venue in this district is proper pursuant to 28 U.S.C. § 1391.

13.   Upon information and belief, Defendants are subject to personal jurisdiction in this district arising out of their contacts with the state of North Dakota and this judicial district. Moreover, Plaintiffs' claims arise out of or are related to Defendants' contacts with this district and the state of North Dakota.

## Facts

14.   On December 11, 2012, Mr. Klade had an elective open aortic aneurysm repair at the Altru Hospital in Grand Forks, North Dakota. Dr. Scott Charette performed the operation, which began at approximately 9:00 a.m.

15.   Before the surgery began, Mr. Klade was systemically heparinized and was re-bolused with heparin throughout the procedure.

16.   During the surgery, Mr. Klade lost approximately 3200 ml's of blood. There were no other complications noted and, according to Dr. Charette's operative report, Mr. Klade was transferred to the recovery room in stable condition at 1:47 p.m.

17.   Mr. Klade's heparin was not reversed following the surgery.

18. Mr. Klade's vital signs were unstable throughout his stay in the recovery area. At 3:25 p.m., anesthesiologist Dr. Robert Scott Childs drafted a note stating that Mr. Klade was "[h]emodynamically unstable on phenylephrine gtt and has been adequately hydrated. Continues to be critically ill." Phenylephrine is a medication to support blood pressure.

19. Mr. Klade's blood pressure remained unstable and he was transferred to the SCCU at approximately 4:00 p.m. Mr. Klade remained hypotensive. Dr. Charette was notified of Mr. Klade's status.

20. At around 4:30 p.m., Mr. Klade's hemoglobin levels were noted to be low and his urine output also decreased. This, combined with an elevated INR and the need for blood pressure medications, made Dr. Charette concerned that Mr. Klade was bleeding internally.

21. Due to this concern, Dr. Charette took Mr. Klade back to the operating room at approximately 6:30 p.m. Dr. Charette encountered "a significant amount of blood" filling Mr. Klade's abdomen, but could not identify a specific source of the bleeding.

22. Following this surgery, Mr. Klade was returned to the SCCU where he remained in critical condition, on a ventilator, and heavily sedated.

23. Over the next several weeks Mr. Klade was confused and disoriented, and did not follow commands from family, staff, or doctors. Mr. Klade's reactions to physical interactions were also unpredictable. Because of this, his doctors thought he had suffered an anoxic brain injury.

24. On January 18, 2013, Mr. Klade became stable enough to be seen by physical therapy. After an examination, it was finally determined that Mr. Klade could not see or hear.

25. Since this time, Mr. Klade remains completely blind and almost completely deaf. He has no apparent cognitive deficits and his doctors do not believe that he will ever regain any meaningful sight or hearing.

26. The care and treatment Defendants provided to Mr. Klade did not meet accepted standards of medical practice.

27. The care and treatment each Defendant provided to Mr. Klade was negligent in the following ways:

   A. The failure to appropriately reverse Mr. Klade's heparin;

   B. The failure to order repeat ACT tests; and

   C. The failure to appropriately manage Mr. Klade's post-operative hypotension.

28. Each Defendant was in other ways negligent in their care and treatment of Mr. Klade.

29. As a direct and proximate result of Defendants' negligence, Mr. Klade has lost his vision and nearly all of hearing. Mr. Klade's injuries have caused pain, suffering, physical impairment, disability, disfigurement, mental anguish, emotional distress, fear of further injury, loss or illness, loss of a substantial portion of his prior enjoyment of the amenities of life, and all other damages recoverable under North Dakota Century Code § 32-03.2-04, all to his non-economic damage in a sum to be proved at trial but not less than $75,000.00.

30. As a further direct and proximate result of Defendants' negligence, Mr. Klade has incurred, and will in the future incur, expenses for medical, hospital, rehabilitative care and all other damages recoverable under North Dakota Century Code § 32-03.2-04, all to his economic damages in a sum to be proved at trial but not less than $75,000.00.

31. As a further direct and proximate result of Defendants' negligence, Mr. Klade has suffered, and will in the future suffer, a loss of earnings, income, support, employment or business or employment opportunities and a loss of earning capacity and all other damages recoverable under North Dakota Century Code § 32-03.2-04, all to his economic damages in a sum to be proved at trial but not less than $75,000.00.

32. As a further direct and proximate result of Defendants' negligence, Annette Klade has lost, and in the future will lose, her husband's society, companionship, comfort, services, protection and consortium, all to her non-economic damages in a sum to be proved at trial but not less than $75,000.00.

33. Plaintiffs have been advised of the reasonably available alternative dispute resolution options pursuant to North Dakota Century Code § 32-42-03, subsection 1.

34. The parties, through their respective attorneys, have complied with North Dakota Century Code § 32-42-03, subd. 3.

WHEREFORE, Plaintiffs pray for judgment against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) together with their costs and disbursements incurred herein and all applicable interest.

Plaintiffs demand a trial by jury of six.

Dated: 11-13-14

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By: _____
Brandon E. Thompson (ND #06935)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Phone: (612) 349-8500
bthompson@rkmc.com